██ PAUL J. McNALLY, Respondent, v SWIFT TRANSPORTATION Co., INC., Doing Business as SWIFT TRUCKING, Appellant. [827 NYS2d 395]—

Appeal from an order of the Supreme Court, Onondaga

County (Thomas J. Murphy, J.), entered November 1, 2005 in an action pursuant to Labor Law § 740. The order, insofar as appealed from, denied that part of defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this action pursuant to Labor Law § 740 alleging a retaliatory action by defendant, his employer, for whistleblowing activity. Supreme Court denied that part of defendant's motion seeking summary judgment dismissing the complaint. That was error. Labor Law § 740 (2) (a) prohibits an employer from taking any retaliatory personnel action against an employee because the employee "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety."

Defendant met its initial burden on the motion by establishing that plaintiff left his employment voluntarily and thus that there was no retaliatory discharge of plaintiff. Plaintiff failed to raise a triable issue of fact with respect to that issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant also met its burden on the motion by establishing that plaintiff failed to disclose, or threaten to disclose, the alleged illegal activity to a supervisor or public body prior to the end of the employment relationship. Defendant established that, although plaintiff told a night dispatcher of the alleged illegal activity, the night dispatcher was not a supervisor. Defendant also established that plaintiff's letter to a public body detailing the alleged illegal activity was sent after plaintiff left defendant's employment. Plaintiff failed to raise a triable issue of fact with respect to disclosure of the alleged illegal activity. Present— Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.